Opinion
BROWN (Gerald), P. J.
This is the fourth time plaintiff’s matter has been before a court—three superior courts and now the Court of Appeal.
In 1971 the parties settled their differences by stipulation and divided their property, knowing its terms were subject to court approval and incorporation in any judgment obtained. The wife waived spousal support and agreed to pay community obligations totaling $6,229.60. The husband quitclaimed his interest in the family home to the wife, she assuming responsibility for its payments. An interlocutory judgment dissolving the marriage was obtained in September 1971. A year later the wife obtained a final judgment of dissolution.
Soon the husband moved to vacate and set aside the interlocutory and final judgments on the grounds of extrinsic fraud and estoppel. The matter was fully heard by the court on January 10, 1973. Both parties testified at length. The court denied the motion. No appeal was taken from the order of denial.
*920 Later the husband brought this action to relitigate the issue of fraud respecting the transfer of the family home. The wife invoked the affirmative defense, res judicata. The superior court so found.
This case is the paradigm for the application of res judicata, the parties having litigated the issue in an earlier action.
Judgment affirmed.
Staniforth, J., and Buttermore, J.,* concurred.

Assigned by the Chairperson of the Judicial Council.